UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANJINDER SINGH BEESLA,

               Plaintiff,

    v.

PORT OF SEATTLE POLICE,

               Defendant.

CASE NO. C21-1155 MJP

ORDER OF DISMISSAL

      This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis. (Dkt. No. 4.) The motion was granted. (Dkt. No. 5.) However, the Court reviews the Complaint under 28 U.S.C. § 1915(e)(2)(B) prior to issuance of a summons. (Dkt. No. 6.)

      Once a complaint is filed in forma pauperis, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). To state a claim for relief, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the claimant is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." Bell Atlantic

1   Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition, the factual allegations of a complaint

2   must state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678

3   (2009).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the

4   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

5   Id.

6        Plaintiff is attempting to sue the Port of Seattle Police.  (Dkt. No. 6.)  For jurisdiction, he

7   states that his claim arises under the Federal Tort Claims Act, 28 U.S.C. § 1346.  (Id. at 3.)  He

8   alleges that the "government" failed to protect him from harassment and that he endured an

9   unsafe workplace since 2006.  (Id.)  He further alleges that he worked as a "Port driver" from

10  2006–20 and that the Port of Seattle Police "acted as a [harassment] and hunting operations to

11  counter my civil rights fight against the American system of work place."  (Id., Ex. A at 1.)  He

12  also mentions retirement, health conditions, and that he is unable to work, but it is not exactly

13  clear how these issues relate to any claims he may have.  (Id. at 4, Ex. A at 1.)  He demands $5

14  million.

15       Plaintiff has failed to state a claim.  With respect to jurisdiction, the Federal Tort Claims

16  Act provides no basis for suing the Port of Seattle Police.  It applies only to suits against the

17  United States, not local governmental entities.  If there is a basis for jurisdiction, it must rest on

18  another source of law.  The Court can discern no grounds for jurisdiction from the spare facts

19  pled in the Complaint.  He does not specify what kind of harassment he endured, when it

20  occurred, or who was responsible for the harassment.  He also does not say what made his

21  workplace unsafe.  And he provides no facts indicating what the Port of Seattle Police are

22  responsible for.  In short, it is entirely unclear what Plaintiff is seeking relief for, particularly in

23  light of his claim for $5 million.

24

ORDER OF DISMISSAL - 2

1    Therefore, the Court DECLINES to direct that Plaintiff's complaint be served,

2   DISMISSES this case without prejudice, and GRANTS Plaintiff leave to file an amended

3   complaint within 30 days of the date this Order.  If no amended complaint is timely filed or if

4   Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the

5   Court will dismiss this proceeding with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure

6   to state a claim upon which relief may be granted.

7    The amended complaint must carry the same case number as this one.  Plaintiff is advised

8   that an amended pleading operates as a complete substitute for an original pleading.  See Ferdik

9   v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, any amended complaint must clearly

10  identify the defendant(s), the constitutional or federal statutory claim(s) asserted, the specific

11  facts that plaintiff believes support each claim, and the relief requested.

12   The clerk is ordered to provide copies of this order to all counsel.

13   Dated September 9, 2021.

14

15                                                     Marsha J. Pechman
                                                       United States District Judge

16

17

18

19

20

21

22

23

24